IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| IN RE: | Cause No. CV 26-75-BLG-DLC |
| KERMIT TY POULSON | |
| | ORDER |

This case comes before the Court on a handwritten document, and exhibits in support, sent by federal pro se prisoner Kermit Ty Poulson ("Poulson.")  (Docs. 1 & 1-1.)  Poulson is presently incarcerated at the Missoula County Detention Facility ("MCDF") following revocation of his supervised release.  On May 5, 2026, the Undersigned sentenced Poulson to the Bureau of Prisons ("BOP") for 8 months, with no supervision to follow.  *See, United States v. Poulson*, Cause No. CR 23-56-M-DLC, Judg.  (D. Mont. May 5, 2026).

**Motion to Proceed in Forma Pauperis**

Poulson seeks leave of the Court to proceed in forma pauperis.  (Doc. 2.) Although Poulson did not provide a copy of his inmate account statement, there is no reason to delay this matter further.  The motion will be granted.

//

1

**28 U.S.C. § 2254 petition**

In his present filing, Poulson indicates that he is not receiving adequate medical care, including oral surgery, bladder surgery, or consultation with a neurologist for treatment of his traumatic brain injury.  (Doc. 1 at 1.)  Poulson believes this denial of care constitutes cruel and unusual punishment in violation of the Eighth Amendment.  (*Id*.)  He also explains that he has been denied extra seat cushions and a second mattress, which has resulted in ongoing discomfort and insomnia.  Poulson explains that he has MRSA and has been denied medication to treat his skin sores.  Poulson has grieved these issues within MCDF to no avail. (*Id*. at 1-2.)

Poulson also alleges that he was wrongfully denied placement in a chemical dependency treatment center by this Court and, accordingly, cannot obtain drug and alcohol treatment he desires.  He states that MCDF is not ADA compliant and has caused him continual issues, injury, and discomfort.  (*Id*. at 2-3.)  Poulson claims that he has been discriminated against at MCDF by being denied a position as an inmate worker due to his disabilities and use of a wheelchair.  (*Id*.).  He also suggests that by failing to adequately accommodate him with employment while incarcerated, both the BOP and MCDF have caused him emotional pain and suffering.  (*Id*. at 4.)

Poulson indicates that he does not wish to disturb the 8-month sentence he

received by filing an appeal but asks that he be let out of detention to address his medical needs. He also asks to be placed on federal probation and be allowed to attend a 6-month recovery program. (*Id*. at 4-5.)

Federal courts have an independent obligation to examine their own jurisdiction and may not entertain an action in which jurisdiction is lacking. *Hernandez v. Campbell*, 204 F. 3d 861, 865 (9th Cir. 2000). This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges,* 423 U.S. 19, 21 (1975). Conversely, a section 2255 motion generally is the exclusive post-appeal mechanism by which a federal prisoner may challenge the legality and/or validity of his conviction or sentence. *See*, *Muth v. Fondren*, 676 F. 3d 815, 818 (9th Cir. 201); *Harrison v. Ollison*, 519 F. 3d 952, 955 (9th Cir. 2008). Habeas Rule 4 requires the assigned judge to examine a habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See*, Rule 4 Governing Section 2254 Cases & Rule 4 Governing Section 2255 Cases; see also, *Valdez v. Montgomery*, 918 F. 3d 687, 693 (9th Cir. 2019). The rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, and those that are plagued by procedural defects. *See e.g.*, *Boyd v. Thompson*, 147 F. 3d 1124,

3

1128 (9th Cir. 1998).

Poulson's present petition suffers from procedural defects. He improperly filed the petition under 28 U.S.C. § 2254, instead of § 2255. The determination under which provision a petitioner must proceed is a status inquiry directed to the source of petitioner's custody. Poulson is a federal prisoner in custody of the BOP under his recent revocation sentence. Because he is not a state prisoner, he may not proceed under § 2254. Section § 2255 is the only potential avenue available for federal habeas relief.

Additionally, to the extent that Poulson seeks relief related to the conditions of his confinement, such a challenge falls outside of available federal habeas relief. Federal law provides two main avenue to relief on complaints related to incarceration: (1) a petition for habeas corpus, *see*, 28 U.S.C. §§ 2241, 2254, 2255; and, (2) a complaint under the Civil Rights Act of 1871, 42 U.S.C. § 1983. *See Skinner v. Switzer*, 562 U.S. 521, 525 (2011) ("Habeas is the exclusive remedy ... for the prisoner who seeks 'immediate or speedier release' from confinement.") (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)); *Muhammad v. Close*, 540 U.S. 749, 750 (2004).

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A claim

4

challenging prison policies and procedures is only "cognizable in habeas if it will 'necessarily spell speedier release' from custody, meaning that the relief sought will either terminate custody, accelerate the future date of release from custody, or reduce the level of custody."  *Skinner v. Switzer*, 131 S. Ct. 1289, 1299 n. 13 (2001).  Prisoners seeking other challenges to their conditions of confinement may have recourse under 42 U.S.C. § 1983, but not habeas.

Poulson states he has contemplated filing a federal civil rights action.  *See e.g.,* (Doc. 3 at 2.)  To the extent that Poulson seeks to challenge the current conditions of his confinement, he is advised the claims would be more appropriately filed as a civil rights action under 42 U.S.C. § 1983, rather than as a habeas corpus petition.  *See, Blair v. Martel*, 645 F. 3d 1151, 1157-58 (9th Cir. 2011) (Because the prisoner's claim did not challenge the validity of his conviction or "necessarily spell speedier release" it "belongs in a § 1983 complaint, not a habeas petition.").

In sum, while the bulk of Poulson's present claims are not cognizable in federal habeas, as a federal prisoner, Poulson may not proceed under 28 U.S.C. § 2254.  The petition will be dismissed.

**Detention Hearing/Recusal**

Poulson also asks for a new detention hearing.  He states that the Undersigned wrongfully denied him treatment placement at Recovery Centers of

Montana ("RCM"), when two similarly situated individuals were purportedly allowed to be released to attend inpatient treatment.  (Doc. 3 at 1.)  Poulson believes this demonstrates bias on the part of the Undersigned and asks that this matter be reassigned to a different judge.  (*Id*. at 1-2.)

One of the individuals Poulson references, Mario Aguilar, was released pretrial by Judge DeSoto to RMC on certain conditions.  *See, United States v. Aguilar*, Cause No. CR 25-17-M-DLC, Min. (Oct. 7, 2025).   Following a revocation hearing and consenting to Magistrate Judge Cavan's jurisdiction, Michael Berberick was released to RCM to attend inpatient treatment, followed by 90 days of sober living.  He also, however, received 35 months of supervised release. *See,  United States v. Berberick*, Cause No. CR-20-119-DLC-TJC, Min. (Nov. 27, 2024).  Thus, Poulson was in a procedurally distinct situation from Mr. Aguilar, and he received a much shorter sentence than Mr. Berberick.  In either event, the fact that two different judges within this district permitted other individuals to attend RMC, demonstrates neither bias nor disparity in the instant matter.

28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  "The test for disqualification under section 455(a) is an objective one: whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality

6

might reasonably be questioned." *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983). The "reasonable person" is not someone who is "hypersensitive or unduly suspicious," but rather a "well-informed, thoughtful observer" who "understand[s] all the relevant facts" and "has examined the record and law." *United States v. Holland*, 519 F.3d 909, 914 (9th Cir. 2008). This standard does not mandate recusal upon the mere "unsubstantiated suspicion of personal bias or prejudice." *Id*. (citations omitted). Additionally, Section 455(a) is "limited by the 'extrajudicial source' factor which generally requires as the basis for recusal something other than rulings, opinions formed, or statements made by the judge during the course of [proceedings]." *Id*. at 913-14.

28 U.S.C. § 144 requires a party to file a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party . . . ." To be legally sufficient, the affidavit "must state facts which if true fairly support the allegation that bias or prejudice stemming from (1) an extrajudicial source (2) may prevent a fair decision on the merits." *United States v. Azhocar*, 581 F.2d 735, 739 (9th Cir. 1978). The judge must look at "the substantiality of the support given by these facts to the allegation of bias." *Id*. at 739-40. Conclusory statements alleging personal bias or prejudice are not statements of fact, and do not provide a basis for disqualification. *Wilenbring v. United States*, 306 F.2d 944, 946 (9th Cir. 1962).

When a court considers a motion under § 144, it should: (1) first evaluate whether to "grant recusal pursuant to [§ 455]"; and (2) if it determines that recusal is inappropriate under § 455, proceed to "determine the legal sufficiency of the affidavit filed pursuant to [§ 144]." *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980).  Under § 144, recusal is not automatic.  "An affidavit filed pursuant to [§144] is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice toward a party that stems from an extrajudicial source." *Id*.

Poulson has failed to establish that recusal is warranted.  The basis for recusal rests upon Poulson's conclusory statements, that are not supported by the record before the Court or by information obtained from extrajudicial sources.  The fact that Poulson did not receive the sentence he desired, placement at RCM, does not support a contention of bias.  There is no legally sufficient basis provided by Poulson to support this request.  Moreover, Poulson has been sentenced, and the criminal matter is closed.  He cannot seek to alter or amend the judgment that was entered in the criminal case via a Section 2254 habeas proceeding.

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules governing § 2254 Proceedings.  A COA should issue as to those claims on which a petitioner makes

a "substantial showing of the denial of a constitutional right." 28 U.S.C.
§ 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the
district court's resolution of [the] constitutional claims" or "conclude the issues
presented are adequate to deserve encouragement to proceed further." *Miller-El v.
Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484
(2000)). Where a claim is dismissed on procedural grounds, the court must also
decide whether "jurists of reason would find it debatable whether the district court
was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648
(2012) (quoting *Slack*, 529 U.S. at 484).

Poulson has not made a substantial showing that he was deprived of a
constitutional right. Moreover, because Poulson is precluded from proceeding
under 28 U.S.C. § 2254 as a federal prisoner, reasonable jurists would find no basis
to encourage further proceedings. There are no close questions and there is no
reason to encourage further proceedings in this Court. A certificate of
appealability will be denied.

Based on the foregoing, the Court enters the following:

## ORDER

1. Poulson's motion for leave to proceed in forma pauperis (Doc. 2) is
GRANTED. The Clerk of Court is directed to waive payment of the filing fee.

2. Poulson's motion for new detention hearing/recusal (Doc. 3) is DENIED.

9

3.  Poulson's Petition (Doc. 1) is DISMISSED.

4.  The Clerk of Court is directed to enter judgment of dismissal.

5.  A certificate of appealability is DENIED.

DATED this 26th day of May, 2026.


/s/ Dana L. Christensen
Dana L. Christensen
United States District Court Judge